Loan No.: 
Investor Loan No.:

FHA Case No.: 

# PROMISSORY NOTE

January 14th, 2022

10 LEE AVENUE, SOUTH AMBOY, New Jersey 08879

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY**

In return for a loan received from Lender, Borrower promises to pay the principal sum of twenty seven thousand two hundred sixty three and 33/100 Dollars (U.S. $27,263.33), to the order of the Lender.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

**(A) Time**

On January 1st, 2047     or, if earlier, when the first of the following events occurs:

(i) Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii) The maturity date of the primary Note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place**

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Loan No.: 

6. **WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____01/24/22_____     _____(Seal)
Date                                           NADIA Y RECONCO                      –Borrower

_____1/24/22_____     _____(Seal)
Date                                           JAIME A CANO, JR                      –Borrower

_____     _____(Seal)
Date                                                                                                      –Borrower

_____     _____(Seal)
Date                                                                                                      –Borrower

**After Recording Return To:**
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____



Loan No.: ▓▓▓▓
Investor Loan No. ▓▓▓▓

FHA Case No.: ▓▓▓▓

# PARTIAL CLAIM MORTGAGE

    THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on January 14th, 2022. The Mortgagor is NADIA Y RECONCO and JAIME A CANO, JR, JOINT TENANTS, whose address is 10 LEE AVE, SOUTH AMBOY AKA BORO, New Jersey 08879 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose principal office and mailing address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of twenty seven thousand two hundred sixty three and 33/100 Dollars (U.S. $27,263.33). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on January 1st, 2047. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The maximum principal amount secured by this Security Instrument is $27,263.33. For these purposes, Borrower does hereby mortgage, warrant, grant and convey to the Lender the following described property located in MIDDLESEX County, New Jersey:

First Lien Mortgage Information: Dated December 21st, 2016 and recorded in Book 16639, Page 0524, Instrument No. MG 2017 002406.

NEW JERSEY PARTIAL CLAIM MORTGAGE

Page 1 of 4
Rev. 06/15

Loan No.: █████

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of 10 LEE AVENUE, SOUTH AMBOY, New Jersey 08879.

("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

    **1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

    **2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

    **3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

Loan No.: 

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; and (f) any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.**
If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or Applicable Law.

8. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

9. **No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

Loan No.: ███████

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

____01/24/22_____    ___[signature]_____(Seal)
Date                                                          NADIA Y RECONCO                          –Borrower

____1/24/22_____    _____(Seal)
Date                                                          JAIME A CANO, JR                          –Borrower

_____    _____(Seal)
Date                                                                                                                    –Borrower

_____    _____(Seal)
Date                                                                                                                    –Borrower

_____[Space Below This Line For Acknowledgment]_____

State of __New Jersey__    §
                                           §  ss:
County of __Middlesex__    §

On this __24th January__, __2022__, before me, the subscriber, personally appeared NADIA Y RECONCO and JAIME A CANO, JR

the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein expressed.

_____[signature]_____
Notary Public

__Sandeep Malhotra_____
Type or Print Name of Notary

My Commission Expires: __07/29/2023__

SANDEEP MALHOTRA
Notary Public, New Jersey
My Commission Expires July 29, 2023

NEW JERSEY PARTIAL CLAIM MORTGAGE

Loan No.: 

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_01/24/22_
Date

NADIA Y RECONCO —Borrower

_1/24/22_
Date

JAIME A CANO, JR —Borrower

_____
Date

_____ —Borrower

_____
Date

_____ — Borrower

_____
Date

_____ — Borrower

_____
Date

_____ — Borrower

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)    Page 1 of 1

Loan No. ███

# CORRECTION AGREEMENT

**Borrower(s):** NADIA Y RECONCO and JAIME A CANO, JR

**Property:** 10 LEE AVENUE, SOUTH AMBOY, New Jersey 08879

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

**"Borrower"** is NADIA Y RECONCO and JAIME A CANO, JR              .

**"Lender"** is Secretary of Housing and Urban Development
, and its successors or assigns.
**"Loan"** means the debt evidenced by the Note and all sums due under the Subordinate Security Instrument.
**"Note"** means the promissory note(s) signed by Borrower in favor Lender or any assignee of Lender.
**"Security Instrument"** means the Subordinate Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the HUD Partial Claim offered by Lender in the amount of $27,263.33 and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender, or any other investor, to enforce its rights under the Loan documents.

**REQUEST BY LENDER:** Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address in the Loan documents shall be considered conclusive evidence of the necessity for Requested Documents.

**BORROWER LIABILITY:** If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_01/24/22_
Date

_[signature]_
NADIA Y RECONCO — Borrower

_1/24/22_
Date

_[signature]_
JAIME A CANO, JR — Borrower

Date — Borrower

Date — Borrower

Date — Borrower

Date — Borrower

Loan No.: ▮▮▮▮

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

_01/24/22_  
Date

*[signature]*  
NADIA Y RECONCO —Borrower

_1/24/22_  
Date

*[signature]*  
JAIME A CANO, JR —Borrower

_____  
Date

_____ —Borrower

_____  
Date

_____ — Borrower

_____  
Date

_____ — Borrower

_____  
Date

_____ — Borrower

ATTORNEY SELECTION NOTICE -MULTISTATE                              Page 1 of 1

## EXHIBIT "A"

ALL that certain lot, parcel or tract of land, situate and lying in the Borough of Sayreville, County of Middlesex and State of New Jersey, and being more particularly described as follows:

Beginning at a point on the northeasterly line of Lee Avenue, said point being distant 144.53 feet southeasterly from the corner formed by the intersection of the southeasterly side of U.S. Highway Route No. 9 where it intersects with the said northerly line of Liberty Street, running thence;

1. Along the northeasterly line of Lee Avenue, south 48 degrees 55 minutes 00 seconds east, a distance of 75.00 feet to a point; thence

2. North 41 degrees 05 minutes 00 seconds east, a distance of 100.00 feet to a point; thence

3. North 48 degrees 55 minutes 00 seconds west, a distance of 75.00 feet to a point; thence

4. South 41 degrees 05 minutes 00 seconds west, a distance of 100.00 feet to the point and place of beginning.

* Being known as lots 29-31 as shown on map entitled "Map of Wolffdale, Property of Charles Safran, Esq. situated in the southerly side of West Main Street, adjoining the Borough of South Amboy, N.J." dated May 1908, filed in the Monmouth County Clerk's Office on July 15, 1908 as Map No. 475 File No. 10.

* The above described parcel is in accordance with a survey prepared by Richlan, Lupo & Associates, Inc., professional land surveyors dated November 3, 2016.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 29 Additional Lots L 30-31 in Block 405 on the Borough of Sayreville Tax Map.

EXHIBIT "A"